HUNT et ux. v. WRIGHT.

(Court of Civil Appeals of Texas. Galveston.
June 29, 1911. Rehearing Denied
Oct. 5, 1911.)

1. DEEDS (§ 38*)—DESCRIPTION—VALIDITY.

Where a deed to land described it as "the place on which we live and occupy," and the grantors were then in possession of a farm, the deed was not void for uncertainty; the description being capable of being rendered certain by extrinsic evidence.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 65–79; Dec. Dig. § 38.*]

2. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.

The admission of a deed which was the basis of plaintiff's title in a former action between the same parties, wherein plaintiff's title to the land thereby conveyed was established, was harmless, if erroneous, the former judgment having been admitted, as plaintiff might have relied wholly upon the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

3. JUDGMENT (§ 660*)—IDENTITY—EVIDENCE —ADMISSIBILITY.

In a former judgment in trespass to try title, which established plaintiff's title to the land now in litigation, defendant's name was written in the judgment as "Hent," instead of "Hunt," but defendants recognized the judgment by receiving from plaintiff the amount adjudged to them as a vendor's lien. Held, that this was a mere clerical error, and that the judgment was properly admitted in evidence in a subsequent action of trespass to try title between the same parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1171; Dec. Dig. § 660.*]

4. TRESPASS TO TRY TITLE (§ 47*)—ACTIONS —JUDGMENTS—JUDGMENTS BY CONFESSION.

Rev. St. 1895, arts. 1348–1350, relating to confession of judgments and requiring a service of process upon defendants and proof of the cause of action, have no application to a confession of judgment in an action of trespass to try title.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 47.*]

5. ESTOPPEL (§ 92*)—EQUITABLE ESTOPPEL— ACCEPTANCE OF BENEFITS.

In a former action of trespass to try title between the same parties, a judgment was rendered for plaintiff, though a certain amount was adjudged defendant as a vendor's lien upon the land in controversy. Defendants voluntarily appeared in that suit, and filed answers setting up various defenses, and afterwards, by their attorneys, agreed to a consent decree, which adjudged them a certain sum. Held, that having accepted the amount adjudged to them they were estopped from questioning the validity of the judgment.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 260–263; Dec. Dig. § 92.*]

Appeal from District Court, Anderson County; B. H. Gardner, Judge.

Action by George A. Wright against Joe Hunt and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

W. R. Boyd, for appellants. Thos. B. Greenwood, for appellee.

REESE, J. In this case George A. Wright sues Joe Hunt and his wife, Lizzie Hunt, in the usual form of an action of trespass to try title, to recover a tract of land described in the petition as follows: "In Anderson county, Tex., about 11 miles N. W. from Palestine, part of the John Adams survey, and being the same land described in deed of G. H. Brumfield to Joe Hunt, dated November 1, 1895, recorded in vol. 54, page 319, of Anderson County Deed Records, and being the same tract of land adjudged to George A. Wright, in cause No. 7897, styled George A. Wright v. M. Folander et al., by judgment of date January 30, 1909, in the district court of Anderson county, Tex." Upon trial without a jury, judgment was rendered in favor of plaintiff against defendants for the recovery of the land, describing it as in the petition. From this judgment, defendants prosecute this appeal.

There are no conclusions of fact and law in the record. The evidence in the statement of facts authorizes the following conclusions of fact, which we make:

On November 1, 1895, G. H. Brumfield sold and conveyed to Joe Hunt the tract of land in controversy; Hunt as part of the consideration therefor executing to Brumfield his three promissory notes for the sum of $165.18⅓ each, with interest at the rate of 10 per cent. per annum, due in one, two, and three years, respectively, and secured by the vendor's lien on the land conveyed, which is expressly reserved, and also assuming the payment of a note to Charles Hoya for $154.95.

On February 1, 1898, a written agreement was entered into between G. W. Burkett, of the one part, and Joe Hunt, of the other part, which recites the sale and conveyance by Brumfield to Hunt of the land referred to, and that Burkett had purchased the aforesaid vendor's lien notes from Brumfield and Hoya, and stipulates that Burkett will extend the payment of said notes upon the following terms, to wit: Hunt agrees to pay Burkett the sum of $369 in six equal annual installments of $61.50 each, first installment on or before October 1, 1898, and one installment on or before October 1st of each succeeding year until the full amount of $369 is paid, with interest at 10 per cent. on each installment. Upon the full and final payment, Burkett agrees to release the vendor's lien. In default to make payments as stipulated, Burkett is to have the right to foreclose the lien and enforce payments as fully and absolutely as though the agreement had not been made. The agreement further gives Burkett a lien on all crops raised on the land for the six years.

On January 15, 1904, Joe Hunt and Lizzie Hunt, his wife, by a written instrument signed by them and duly acknowledged by them

according to the form provided for the acknowledgments of conveyances of real estate by married women, acknowledged that the balance due on the aforesaid obligation of $143.30 is a just debt and unpaid, and agreed to pay the same with interest from date, at 10 per cent. on or before October 1, 1904. By further writing signed by him, Joe Hunt acknowledged the amount due on said obligation, November 1, 1905, to be $171, which he promised to pay at that date, with 10 per cent. interest, and in consideration of the extension of payment he agrees to pay a reasonable attorney's fee, if the obligation is placed in the hands of an attorney for collection, or collected by suit. This obligation was transferred in writing by Burkett to Robinson Bros. November 9, 1904, and by Robinson Bros. to J. Y. Gooch October 31, 1905.

On October 28, 1905, by their deed duly signed and acknowledged, Joe Hunt and Lizzie Hunt, his wife, sold and conveyed to John Young Gooch the tract of land referred to, being the land in controversy. The consideration named in the deed is recited to be $271, paid by the grantee, and the deed is with general warranty. On the same day John Young Gooch conveyed the same land to Joe and Lizzie Hunt. The consideration was two promissory notes, one for $100, due October 15, 1906, and one for $171, due October 15, 1907; each bearing 10 per cent. interest per annum from date, and providing for the payment of 10 per cent. attorney's fees. The vendor's lien upon the land is expressly reserved to secure the payment of the notes; and there is a stipulation that upon default in payment of the first the second shall become due. Each of these notes is indorsed: "Paid. Sept. 23, 1907. Jno. Young Gooch." On January 15, 1906, Joe and Lizzie Hunt executed and duly acknowledged the following instrument: "Whereas, we are indebted to Geo. A. Wright for $433, and also owe purchase money for about $200 on our farm, now in consideration of said amount, and further consideration of $350, due and payable to us on or before Jany. 1, 1907, we sell, transfer and convey to the said Geo. A. Wright for the above consideration the place on which we live and occupy, and agree to deliver possession on or before Jany. 1, 1907, with the privilege of renting said land on the third and fourth during the year of 1907."

From all the facts and circumstances in evidence, we find that the land described as "our farm" is the same tract of land referred to in the foregoing instruments and in those hereafter referred to, and the same as is herein sued for.

On September 23, 1907, Joe and Lizzie Hunt executed to M. Folander a deed to the land in controversy for a consideration of the cancellation of a debt of $700 due by them to Folander, and the assumption by Folander of the two vendor's lien notes for $100 and $171. The two notes were marked paid

as of the same date as the execution of this instrument.

Afterwards George A. Wright filed a suit in the district court of Anderson county against Joe Hunt, Lizzie Hunt, and M. Folander, to which P. H. Hughes, receiver of M. Folander, was afterwards made a party. The papers in said cause have been lost, and were not in evidence; but from the testimony of the attorney for plaintiff, which is undisputed, we find that the action was in trespass to try title to the land in controversy, and contained in addition, in substance, allegations that plaintiff was not advised as to the exact nature of the claim of M. Folander to the land, but that if he has any claim (which is denied) it amounts to no more than a lien on the land, and plaintiff offers to pay off and discharge the amount of any valid lien held by Folander, and asks the court to adjudicate the amount, if any, and to permit the plaintiff to pay it off.

It appeared that Wright had declined to pay the $350 note given by him to Joe and Lizzie Hunt, because they had conveyed the land to Folander, though Wright had possession of it. Hence the suit. No citation was issued to Joe Hunt, nor Lizzie Hunt, plaintiff's attorney being advised that they would appear voluntarily, which they did, and filed an answer and cross-bill seeking a foreclosure of the lien for the $350. Judgment was rendered in said cause on January 30, 1909; the judgment entry reciting that the plaintiff and the defendants and the interveners appeared by their respective attorneys, and announced to the court that they had agreed upon a judgment to be entered. By the terms of the judgment, the plaintiff, G. A. Wright, recovered from the defendants Folander, Hughes, receiver, Joe "Hent" and Lizzie "Hent", the title and possession of the tract of land in controversy (describing the same), subject, however, to the foreclosure thereinafter decreed in favor of the defendants Joe and Lizzie "Hent," who recovered judgment against G. A. Wright for $160.90, with 6 per cent. interest per annum, with foreclosure of vendor's lien of the aforesaid tract of land. Intervener Hughes, as receiver, recovered judgment against Wright for $236. The original draft of this judgment was introduced in evidence, in all respects identical with that entered, except that where the name Hunt appears in the draft it is written "Hent" in the judgment as entered. This draft is followed by the following, to wit: "We agree to the within judgment this Jany. 30, 1908. [Signed] T. B. Greenwood, attorney for plaintiff. Gregg & Brown, attorneys for defendants Joe & Lizzie Hunt. Jno. F. Weeks, attorney for P. H. Hughes, intervener, and M. Folander." The parties to the suit were Joe Hunt and Lizzie Hunt, and the writing of their names in the judgment as "Hent" was a clerical error.

On February 2, 1909, Joe Hunt and Lizzie

Hunt executed and duly acknowledged a certain instrument in writing, whereby, after reciting the judgment aforesaid (such recitation containing a full description of the land, and stating the names of said parties as Joe and Lizzie Hunt), they acknowledged receipt in full of the amount adjudged in their favor against Wright, and released and conveyed to the said Wright the aforesaid tract of land, being the same land here sued for. Afterwards, on February 9, 1909, the said Joe Hunt executed an instrument in writing, leasing the said land from Wright for the current year, with the following stipulation: "I agree to take good care of the place and turn it back on Dec. 31, 1909, without any interference, and should I fail or refuse to do so, and he should have to resort to the courts for possession, I agree to pay all costs of court and reasonable attorney's fees."

The evidence establishing the foregoing facts is undisputed in any particular, and constitutes all of the evidence in the record. It is all documentary, except the testimony of T. B. Greenwood as to the contents of the pleadings in the case referred to.

[1] By their first assignment of error, appellants complain of the introduction in evidence, over their objection, of the instrument executed by appellants to appellee, dated January 15, 1905, heretofore copied in the conclusions of fact. The objection was that the instrument, as a deed, is void for want of description of the land. The land is described as "the place on which we live and occupy." The deed was not void. The description was capable of being rendered certain by extrinsic evidence. The objection cannot be raised in this way that the evidence does not so identify the land and render certain the description; but, if it could, it would not be tenable.

[2] It sufficiently appears from the entire chain of evidence that it was the intention to convey the land conveyed by G. H. Brumfield to appellants. This instrument is the basis of appellee's claim in the suit against Folander and appellants, in which, and the judgment rendered thereon, the land is fully described and identified. If the objections were good, and the court erred in overruling it, the error would be harmless. Appellee could have safely relied upon the judgment referred to alone, as a basis of his suit for recovery of the land, without going behind the judgment. All the evidence anterior to the filing of that suit and the judgment rendered thereon was only explanatory of appellee's claim. There is no merit in the assignment.

[3] There was no merit in the objections to the judgment in the case of Wright v. Folander and appellants. The name of appellants written in the judgment as "Hent" was clearly shown to have been a clerical mistake in entering the judgment. This was recognized by appellants in receiving from appellee the amount adjudged to them by the judgment, and releasing the vendor's lien, in accordance with the judgment, on the land in controversy, and in entering into a lease contract, whereby they leased the land from appellee, as set out in the fact conclusions.

[4, 5] There is no merit in the objection that the judgment was by agreement, without service on appellants, and the cause of action was not sworn to, as required by articles 1348–1350, R. S. 1895. These provisions of the statute have no application to such a suit, and further, appellants having collected from appellee the amount awarded them by the judgment would be estopped to deny the validity of the judgment on this ground. The evidence shows that they voluntarily appeared and filed answers to the suit, setting up various defenses, and that afterwards, by their attorneys, they agreed with the other parties upon a judgment to be entered, settling the rights of all the parties. It is not shown, nor attempted to be shown, that their attorneys were not fully authorized to agree to the judgment, or that they themselves did not agree to it, and their subsequent dealings show that they recognized it as binding upon them.

It is not necessary to discuss the other assignments of error. None of them present any error, and they are severally overruled. The record not only does not present reversible error, but shows conclusively that upon the evidence, properly admitted, no other judgment could have been entered than one for appellees. Not only is there no merit in the appeal, but there is no merit in appellants' defense to the action. They sold and conveyed the land, first, to appellee, and then to Folander, and then agreed that a judgment be rendered for the title and possession in favor of appellee. The judgment is affirmed.

Affirmed.